UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OWEN FITZGERALD, CHARLES MORINE,
DAVID USHER,

                            Plaintiffs,

v.                                                                      9:09-CV-0839
                                                                         (MAD/GHL)
COUNTY OF WASHINGTON, ROGER LECLAIRE,
SCOTT PATTEN, DR. ALBERT PAOLANO,
JULIA BEECHER, GEORGE SMITH,

                            Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

OFFICE OF ELMER R. KEACH, III                             ELMER R. KEACH, III, ESQ.
Counsel for Plaintiffs Morine and Usher
1040 Riverfront Center
P.O. Box 70
Amsterdam, New York 12010

OWEN FITZGERALD
Plaintiff *pro se*
23 Coolidge Avenue
Glens Falls, New York 12801

NAPIERSKI, VANDENBURGH, NAPIERSKI                         SHAWN F. BROUSSEAU, ESQ.
& O'CONNOR, LLP
Counsel for Defendant Paolano
296 Washington Avenue Extension
Albany, New York 12203


LEMIRE JOHNSON, LLC                                       GREGG T. JOHNSON, ESQ.
Counsel for Defendants County of Washington,
      LeClaire, Patten, Beecher, and Smith
2534 Route 9
P.O. Box 2485
Malta, New York 12020

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

In this action, Plaintiffs Owen Fitzgerald, Charles Morine, and David Usher, represented by the Office of Elmer R. Keach, III[1], allege that while incarcerated at the Washington County Jail they developed methicillin-resistant staphylococcus aureus ("MRSA") but were wilfully denied appropriate medical treatment in violation of their constitutional rights. (Dkt. No. 43.) The issue presently before the Court is Plaintiff Fitzgerald's failure to prosecute and his disregard of court orders, and the imposition against him of an appropriate sanction. It is recommended that Mr. Fitzgerald's claims as set forth in the Amended Complaint be dismissed with prejudice.

**I.   RELEVANT PROCEDURAL HISTORY**

The initial complaint was filed on July 22, 2009. (Dkt. No. 1.) A Rule 16 conference was held on November 24, 2009, and a Uniform Pretrial Scheduling Order was issued that same day. (Dkt. No. 23.) During a conference call on April 27, 2010, between the Court and counsel, Mr. Fitzgerald's attorney reported that he had "lost contact" with Mr. Fitzgerald. (Minute Entry, Apr. 27, 2010.) However, by letter dated May 4, 2010, counsel advised that he had "located" Mr. Fitzgerald. (Dkt. No. 49.)

On a date that is not reflected in the record, Mr. Fitzgerald's deposition was commenced but was terminated prior to completion, in part because he testified about possessing certain documents that he had not provided to Mr. Keach and about the existence of certain witnesses whom he did not identify. Defense counsel subsequently reported that Mr. Keach

---

[1]   As noted below, Mr. Keach subsequently was granted leave to withdraw as attorney for Mr. Fitzgerald. (Dkt. No. 84.)

2

>   has attempted to engage with Mr. Fitzgerald who failed to appear for
>   various meetings to address the issues of: Mr. Fitzgerald's future
>   status as a Plaintiff; Mr. Keach's continued representation of Mr.
>   Fitzgerald; and the production of the information (witness names and
>   contact information not produced as part of initial disclosures) and
>   documents (handwritten log not produced).

(Dkt. No. 82 at 1.[2])  By letter dated December 3, 2010, Mr. Keach advised the Court that he had met with Mr. Fitzgerald, to whom he expressed his "extreme displeasure with his lack of cooperation," and whom he advised that any further difficulties would "lead to [Mr. Keach's] withdrawal as his counsel."  Mr. Fitzgerald agreed to cooperate and to provide the documentation that he possessed.  (Dkt. No. 83 at 1.)

However, during a conference call between the Court and counsel on December 13, 2010, Mr. Keach reported that Mr. Fitzgerald had not provided the documents to him.  Mr. Keach stated that given Mr. Fitzgerald's lack of cooperation, he would like to withdraw as Mr. Fitzgerald's counsel.  The Court directed Mr. Keach to inform Mr. Fitzgerald that he was to appear at the United States Courthouse in Albany, New York, on December 17, 2010, to discuss his conduct with the Court and Mr. Keach.  Mr. Keach also was directed to inform Mr. Fitzgerald that if he failed to appear the imposition of sanctions, including dismissal of his claims, would be considered.  The Court and counsel were present at the Courthouse on December 17, but Mr. Fitzgerald did not appear.

During a conference call between the Court and counsel on January 19, 2011, Mr. Keach's associate advised that Mr. Fitzgerald was not responding to letters or telephone calls.  By Order dated February 8, 2011, the Court granted Mr. Keach leave to withdraw as Mr.

---

[2]   The page references in this Report-Recommendation are those assigned by the Court's electronic filing system.

3

Fitzgerald's attorney. The Order also provided:

> ORDERED, that Mr. Fitzgerald's deposition is to be conducted on March 1, 2011, commencing at 10:00 a.m., in Room 410 of the United States Courthouse, 445 Broadway, Albany, New York; and it is further
>
> ORDERED, that if Mr. Fitzgerald fails to appear for his deposition on March 1, 2011, this Court will recommend to Chief Judge Mordue[3] that Mr. Fitzgerald should be sanctioned, including, but without limitation, the sanction of dismissal of Mr. Fitzgerald's claims.

(Dkt. No. 84 at 2.) Mr. Keach certified that a copy of this Order was sent to Mr. Fitzgerald by certified mail on February 10, 2011, and that a return receipt card was received by his office on February 12, 2011. (Dkt. No. 85.) Mr. Keach also wrote to Mr. Fitzgerald, and a copy of that letter has been filed under seal for the Court's *in camera* review.

On March 1, 2011, at 10:00 a.m., the following were present at the United States Courthouse in Albany: Brett A. Engel, Esq. (Mr. Keach's associate), Shaun T. Nash, Esq., representing Defendant Paolano, Gregg T. Johnson, Esq., representing the remaining Defendants, and the undersigned. Mr. Fitzgerald did not appear. At the Court's request Ms. Engel stated on the record what her office had done in terms of notifying Mr. Fitzgerald about the scheduled deposition. (Dkt. No. 90 at 3-4.)

By Text Order dated March 28, 2011, the Court scheduled a conference call for April 6, 2011, at 11:00 a.m. In that Order, Mr. Fitzgerald was directed to notify the Court, in writing, of a telephone number he could be reached at for the conference call. A copy of the Text Order was

---

[3] Chief Judge Mordue was the District Court judge initially assigned to this case. The action was subsequently reassigned to District Court Judge Mae A. D'Agostino. (Dkt. No. 87.)

4

sent to Mr. Fitzgerald by regular mail, but he did not provide the Court with a telephone number. During the conference call the Court advised that chambers had placed a telephone call to Mr. Fitzgerald, and that a male answered and stated that Mr. Fitzgerald was not there (the Court had utilized a telephone number provided by Mr. Keach).

## II. DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure permits the Court to *sua sponte* dismiss a proceeding for failure to prosecute and/or failure to comply with an Order of the Court. Fed. R. Civ. P. 41(b).[4] As a result, Rule 41(b) may be fairly characterized as providing for two independent grounds for dismissal: (1) a failure to prosecute the action, and (2) a failure to comply with the Federal Rules of Civil Procedure or any order of court.

### A. Failure to Prosecute Action

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[5] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4]

---

[4] Fed. R. Civ. P. 41(b) (providing, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"); *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) (citations omitted); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed.").

[5] *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

> whether the district judge has taken care to strike the balance between
> alleviating court calendar congestion and protecting a party's right to
> due process and a fair chance to be heard and [5] whether the judge
> has adequately assessed the efficacy of lesser sanctions.[6]

As a general rule, no single one of these five factors is dispositive.[7] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

Here, I find that these five factors weigh heavily in favor of dismissal. With regard to the duration of Mr. Fitzgerald's failure to prosecute, it began prior to December 3, 2010, when Mr. Keach met with him to express his "extreme displeasure with his lack of cooperation." As to notice that further delays would result in dismissal, Mr. Fitzgerald was so notified by Mr. Keach prior to the scheduled court appearance on December 17, 2010, and he was explicitly notified in the Order of February 8, 2011. The District Court's attention is also directed to Mr. Keach's letter of February 9, 2011, to Mr. Fitzgerald, which is available for *in camera* review.

With regard to the third factor, I find that Defendants appear likely to be prejudiced by further delay. Further delay by Mr. Fitzgerald may result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witnesses.[8] In addition, and

---

[6] *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Rule 41(b) dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) (citation and internal quotation marks omitted).

[7] *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

[8] *See, e.g.*, *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

most importantly, the parties apparently are discussing settlement. (Dkt. No. 88.) For such discussions to have any hope of success, the Defendants in particular must know whether Mr. Fitzgerald's claims are viable. As to the fourth factor, I believe that the chronology set forth above makes abundantly clear that Mr. Fitzgerald has been provided due process and a fair chance to be heard.

Finally, I am convinced that any sanction other than dismissal with prejudice would not be efficacious. This case was commenced on July 23, 2009. (Dkt. No. 1.) The Court and counsel have expended considerable time and effort resolving multiple discovery issues. Discovery is close to being complete. Settlement has been considered. Simply further admonishing Mr. Fitzgerald and waiting another month or two to see if he responds would be fundamentally unfair to the parties, the attorneys, and the Court.

For all of these reasons, I recommend that the Court dismiss Mr. Fitzgerald's claims for failure to diligently prosecute this action under Federal Rule of Civil Procedure 41(b), with prejudice.

### B. Failure to Comply with Order of Court

In the alternative, I find that Plaintiff's failure to comply with this Court's written Order of February 8, 2011, (Dkt. No. 84) and its Text Order of March 28, 2011, constitutes another, independent ground on which to base my recommendation of dismissal.[9]

The legal standard governing such a dismissal is virtually identical to the legal standard

---

[9] Fed. R. Civ. P. 41(b) (providing that the plaintiff's failure "to comply with . . . a court order" may subject an action to dismissal); *see also* Fed. R. Civ. P. 16(f) ("If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as are just . . . .").

governing a dismissal for failure to prosecute.[10]  In the interest of brevity, I will not discuss in detail my balancing of the five factors comprising that legal standard.  I will merely explain that my balancing of these five factors mirrors my balancing of the five factors discussed above in Part II.A. of this Report-Recommendation.

Therefore, I recommend that, in the alternative, the Court dismiss Mr. Fitzgerald's claims for failure to comply with an Order of the Court, under Federal Rule of Civil Procedure 41(b), with prejudice.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff Fitzgerald's claims, as set forth in the Amended Complaint (Dkt. No. 43) be **DISMISSED** with prejudice for failure to diligently prosecute this action and/or failure to comply with an Order of the Court under Federal Rule of Civil Procedure 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

---

[10]  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 9, 2011
       Syracuse, New York

George H. Lowe
United States Magistrate Judge