**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**OWEN FITZGERALD, CHARLES MORINE, and**
**DAVID USHER,**

                              **Plaintiffs,**

    **vs.**                                                    **9:09-cv-839**
                                                               **(MAD/GHL)**

**THE COUNTY OF WASHINGTON; ROGER**
**LECLAIRE, Sheriff, County of Washington;**
**SCOTT PATTEN, Administrator, Washington**
**County Jail; DR. ALBERT PAOLANO, Medical**
**Director and Physician, Washington County Jail;**
**JULIA BEECHER, Nurse, Washington County**
**Jail; and GEORGE SMITH,**

                              **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**OWEN FITZGERALD**
23 Coolidge Avenue
Glens Falls, New York 12801
Plaintiff *pro se*

**OFFICE OF ELMER R. KEACH, III**              **ELMER R. KEACH, III, ESQ**
1030 Riverfront Center
P.O. Box 70
Amsterdam, New York 12010
Attorneys for plaintiffs Morine and Usher[1]

**LEMIRE JOHNSON, LLC**                         **GREGG T. JOHNSON, ESQ.**
2534 Route 9
P.O. Box 2485
Malta, New York 12020
Attorneys for defendants County of Washington,
LeClaire, Patten, Beecher, and Smith

_____

[1] In an Order dated February 8, 2011, Magistrate Judge Lowe granted Mr. Keach leave to withdraw as counsel for plaintiff Fitzgerald.  *See* Dkt. No. 84.

NAPIERSKI, VANDENBURCH, NAPIERSKI        SHAWN F. BROUSSEAU, ESQ.
& O'CONNOR, LLP
296 Washington Avenue Extension
Albany, New York 12203
Attorneys for defendant Paolano

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Plaintiffs allege that, while incarcerated at the Washington County Jail, they developed methicillin-resistant staphylococcus aureus ("MRSA"). Plaintiffs claim that defendants were deliberately indifferent to their serious medical needs in violation of the Eighth Amendment and that, in violation of the Rehabilitation Act, defendants failed "to provide proper facilities for isolation of inmates with communicable disease, fail[ed] to enact, follow and enforce policies for diagnosis and treatment of persons with communicable infection and disease, fail[ed] to provide basic sanitation and necessary medical care for persons with infections and communicable disease, [and] fail[ed] to properly maintain and repair prison facilities for food service, showers and ventilation systems to prevent proliferation of harmful bacteria[.]" *See* Dkt. No. 43 at ¶¶ 31, 43.

In a Report-Recommendation dated August 9, 2011, Magistrate Judge Lowe recommended that the Court dismiss plaintiff Fitzgerald's claims for his failure to prosecute and failure to comply with orders of the court, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 91. Magistrate Judge Lowe cited to a multitude of examples of plaintiff Fitzgerald's failure to prosecute this case diligently and several court orders with which he has failed to comply. *See id.* at 2-5. Most recently, plaintiff Fitzgerald failed to appear at his rescheduled deposition; the Order for which warned him that his failure to appear would result in

Magistrate Judge Lowe recommending sanctions, "including, but without limitation, the sanction of dismissal of Mr. Fitzgerald's claims." *See* Dkt. No. 84 at 2. Neither party objected to Magistrate Judge Lowe's August 9, 2011 Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Lowe's August 9, 2011 Report-Recommendation and the applicable law, the Court concludes that Magistrate Judge Lowe correctly determined that the Court should dismiss with prejudice plaintiff Fitzgerald's claims, in light of his failure to prosecute this action and his failure to comply with the court's orders.[2]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lowe's August 9, 2011 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

---

[2] The Court notes that dismissal would also be an appropriate sanction under Rule 37 of the Federal Rules of Civil Procedure for plaintiff Fitzgerald's failure to attend his own deposition, as well as his failure to comply with other discovery related orders. *See* Fed. R. Civ. Proc. 37. Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37[,]" no additional analysis is necessary. *Barney v. Consol. Edison Co. of N.Y.*, No. 99-CV-823, 2006 WL 4401019, *16 (E.D.N.Y. July 19, 2006) (citing *Banjo v. United States*, 1996 WL 426364, at *5 (S.D.N.Y. July 30, 1996)); *New Pacific Overseas Group (USA) Inc. v. Excal Intern. Dev. Corp.*, Nos. 99 Civ. 2436, 99 Civ. 3581, 2000 WL 377513, *7 (S.D.N.Y. Apr. 12, 2000) (citations omitted).

**ORDERS** that plaintiff Fitzgerald's claims, as set forth in the Amended Complaint (Dkt. No. 43), are **DISMISSED** with prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in compliance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 1, 2011
          Albany, New York

Mae A. D'Agostino
U.S. District Judge

4